**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LAMONT MILLER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　　Defendants.<br>_____/ | 1:08-cv-01932 OWW YNP SMS (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE FEDERAL COMPLAINT FOR FAILURE TO STATE A CLAIM AND REMAND OF PLAINTIFF'S STATE CLAIMS<br><br>(Docs. 1 & 15) |

**Screening Order**

Plaintiff is a state prisoner proceeding pro se in this action pursuant to 42 U.S.C. § 1983 and California state law. On December 16, 2008, Defendant State of California removed this action from Kern County Superior Court pursuant to 28 U.S.C. § 1441(b).[1] On January 19, 2010, Plaintiff moved for the Court to complete within 30 days the screening required by the Prison Litigation Reform Act (42 U.S.C. § 1997e(d)) (the "PLRA") (Doc. 15).

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] At the time of removal, no other Defendants in the state action had been served.

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    Pleading Standards

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## III.   Plaintiff's Claims

### A.    Factual Background

In his state court complaint, Plaintiff alleged that, upon his arrival at the Reception Center at Wasco State Prison ("WSP"), Defendants Reyes and Fuhlrodt informed Plaintiff that he was not allowed to possess his personal property in prison and that, since he was indigent, the policy of the

1  Defendant California Department of Corrections and Rehabilitation ("CDCR") permitted him
2  either to donate it or destroy it.  As a result, Plaintiff was deprived of everything in his possession
3  at arrest.
4        In addition to the corrections officers and CDCR, Plaintiff names as Defendants the State of
5  California and WSP Warden P. L. Vazquez.
6        After Defendants removed the case to federal court, Plaintiff requested judicial notice of
7  various documents (Docs. 5, 7, 8, and 14).  At any stage of a proceeding, "[a] court shall take
8  judicial notice if requested by a party and supplied with the necessary information."  Fed.R.Evid.
9  201(d) and (f).  The Court may take judicial notice of any fact "not subject to reasonable dispute in
10  that it is . . . (2) capable of accurate and ready determination by resort to sources whose accuracy
11  cannot reasonably be questioned."  Fed.R.Evid. 201(b).  Accordingly, this Court notes that Plaintiff
12  contends that he was deprived of his suit, shirt, tie, shoes, gold designer pen, cell phone, and his
13  wallet and its contents, including debit and gift cards valued at $2500.00 (Doc. 5).  The Director's
14  Level appeal decision concluded that WSP staff had complied with applicable regulations (Cal.
15  Code Regs., tit. 15, § 3191)(Doc. 5).  Because Plaintiff had depleted his cash on canteen items
16  while incarcerated in the county jail, he lacked funds to ship his property home and had to specify
17  whether to donate or destroy it (Doc. 5).

18      **B.**    **Eleventh Amendment Immunity**
19        "The Eleventh Amendment bars suits for money damages in federal court against a state, its
20  agencies, and state officials in their official capacities."  *Aholelei v. Dept. of Public Safety*, 488
21  F.3d 1144, 1147  (9th Cir.), *cert. denied*, 128 S.Ct. 441 (2007)(*citations omitted*).  Accordingly,
22  Plaintiff may not sue the State of California in federal court.  *Id.*  Similarly, because CDCR is a
23  state agency entitled to Eleventh Amendment immunity, Plaintiff may not sue it in federal court.
24  *Id.  See also Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420, 421
25  (9th Cir. 1996); *Brooks v. Sulphur Spring Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991),
26  *cert. denied*, 503 U.S. 938 (1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Finally, as
27  an entity that is part of CDCR, WSP is also protected by the Eleventh Amendment.  *Mitchell v. Los*
28  *Angeles Comm. College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988), *cert. denied*, 490 U.S. 1081

1   (1989).  Accordingly, Plaintiff may not advance federal constitutional claims against Defendants
2   State of California, CDCR and WSP as a matter of law.

       C.     **Supervisory personnel**

Plaintiff names Warden P. L. Vazquez as a Defendant.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*.  *Taylor*, 880 F.2d at 1045.  For defendants in supervisory positions, a plaintiff must specifically allege a causal link between each defendant and his claimed constitutional violation.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim for relief under § 1983 for supervisory liability, Plaintiff must allege facts indicating that each supervisory defendant either personally participated in the alleged deprivation of Plaintiff's constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a deprivation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); *Taylor*, 880 F.2d at 1045.  The complaint includes no specific allegations against Vazquez.

       D.     **Due Process: Deprivation of Property**

Prisoners have a protected interest in their personal property.  *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  The Due Process Clause protects prisoners from being deprived of their property without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  An authorized, intentional deprivation of property is actionable under the Due Process Clause.  *Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985).  In contrast, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  *Hudson*, 486 U.S. at 533.

An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  *Logan*, 455 U.S. at 436; *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).  Authorized

4

1  deprivations of property are permissible if carried out pursuant to a regulation that is reasonably
2  related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 96-97 (1987).
3       Plaintiff was deprived of his personal property in accordance with such regulations. Inmates
4  are permitted to possess only state-issued property and authorized personal property items based on
5  the institution's mission, the inmate's assigned security level, and any applicable disciplinary
6  provisions. Cal. Code Regs. tit. 15, § 3190(a). They may possess only state-issued clothing and
7  authorized personal clothing. Cal. Code Regs. tit. 15, § 3190(h). They may not possess "any
8  membership cards, identification cards, or service-type cards other than those issued by the
9  department." Cal. Code Regs. tit. 15, § 3190(r). In addition, an authorized personal property
10 schedule is established by consensus for all reception centers. Cal. Code Regs. tit. 15, § 3190(b).
11 Authorized personal property does not include pens, wallets, or cell phones. CDCR Department
12 Operations Manual § 54030.17.5. The security reasons for deeming Plaintiff's personal property to
13 be contraband are readily apparent.
14      Inmate personal property that is not permitted by the provisions of § 3190, may be mailed
15 or shipped home at the inmate's expense, provided that the inmate has sufficient trust account
16 funds. Cal. Code Regs. tit. 15, § 3191(c)(1) & (2). If the inmate does not choose to ship
17 contraband property or lacks the funds to do so, he may donate the property to a charitable
18 organization or the institution, or render the item useless and dispose of it. Cal. Code Regs. tit. 15,
19 § 3191(c)(3), (4) & (5). Inmates may not transfer their property to any state agency or agent. Cal.
20 Code Regs. tit. 15, § 3191(d). Because Plaintiff had depleted his personal funds before arriving at
21 WSP, his only alternatives under the regulations were donation or disposal.

    **E.   State Claims**

23      Plaintiff also alleges that Defendants' actions gave rise to California tort claims. Section
24 1983 does not provide a cause of action for violations of state law. *See Weilburg v. Shapiro*, 488
25 F.3d 1202, 1207 (9th Cir. 2007)*; Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007);
26 *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385,
27 1391 (9th Cir. 1997); *Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *Draper*
28 ///

*v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981).

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court my decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966).

Because the complaint states no cognizable federal claim, this Court should not exercise its supplemental jurisdiction. Accordingly, the Court recommends that Plaintiff's state claims be remanded to state court.

**IV.    Motion to Screen**

As previously noted, Plaintiff moved to compel the Court to screen his complaint within thirty days, having personally deemed thirty days to be sufficient time for the Court to complete the process. Because the District Court for the Eastern District of California has the highest case load of all federal district courts, all litigants experience substantial delays in the processing of the cases that they have filed with the Court. Prisoners bringing civil rights claims subject to PLRA screening are no exception. Because this order screens Plaintiff's complaint, however, his motion is moot.

**V.    Conclusion and Recommendation**

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. Because amending the complaint will not cure the deficiency, the Court **HEREBY RECOMMENDS** that this action be dismissed, with prejudice, for failure to state a claim.

In the absence of any cognizable federal claim, the Court recommends that the District Court decline to exercise jurisdiction over Plaintiff's state tort claims. These claims should be remanded to the state court.

These Findings and Recommendations will be submitted to the Hon. Oliver W. Wanger, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that, by failing to file objections within the specified time, he may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 5, 2010**               /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE